Judy GILKISON, Plaintiff–Appellant,

v.

Larry G. MASSANARI, Acting Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 99–35720.

D.C. No. CV–98–5385–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2001.**

Decided April 10, 2001.

---

* Larry G. Massanari is substituted for his predecessor, William A. Halter, as Acting Commissioner of the Social Security Administration. Fed.R.App.P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

*** The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation.

Before WOOD, Jr.,*** TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM ****

Appellant Judy Gilkison filed an application for Social Security disability benefits on January 26, 1996, after being diagnosed with primary biliary cirrhosis and an anxiety disorder. The application was denied, and Gilkison requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on February 26, 1997. Following the hearing, the ALJ issued a decision holding that Gilkison was not disabled under the Social Security Act, 42 U.S.C. § 401 *et seq.*, because her impairments did not prevent her from performing past relevant work as an "administrative assistant." Gilkison requested a review by the Appeals Council, which was denied. Gilkison then filed suit in the United States District Court for the Western District of Washington.

Following briefing by the parties, the district judge entered judgment affirming the ALJ's decision. Gilkison filed this timely appeal. We review the district court's decision *de novo* and will uphold the ALJ's decision if it is supported by substantial evidence in the record as a whole and free from legal error. *See Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).

■ The ALJ presented clear and convincing reasons to support his finding that Gilkison's testimony regarding the severity of her fatigue was not entirely credible. *See Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir.1996). For support, the ALJ pointed to Gilkison's decision to become pregnant and have a child; the fact that

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Gilkison's doctor indicated that her liver condition was responding well to medication; the fact that Gilkison testified that despite the birth of her child she did not need extra assistance; and the fact that Gilkison presented inconsistent testimony regarding her ability to drive. The ALJ noted that there was no support in the record for Gilkison's assertion that her doctor believed her life expectancy was only ten to twenty more years. The ALJ recognized that Gilkison's treating psychiatrist described her anxiety disorder symptoms as "moderate" and "managed" by the use of medication. These reasons are all supported by the record, and we find them to be clear and convincing.

The ALJ did not err in holding that Gilkison's anxiety disorder was non-severe. An impairment is non-severe if it does not "significantly limit" the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). Gilkison's treating psychiatrist testified that he believed that the fatigue that was allegedly preventing Gilkison from working stemmed not from the anxiety disorder but rather from a medical problem.

The ALJ's determination that Gilkison could perform past relevant work is also supported by substantial evidence, despite the fact that the ALJ may have misstated Gilkison's job title. There is nothing in the record to suggest that the demands of Gilkison's past position as an advertising assistant were inconsistent with the ALJ's determination that she could do sedentary work, which can include occasional walking and standing. *See* 20 C.F.R. § 404.1567(a).

Finally, it is clear from the record that, in making his determination, the ALJ considered the evidence as a whole. Under the facts of this case, the ALJ was not required to hear testimony from either a medical or vocational expert. Gilkison's remaining claims of error are waived because she failed to raise them in the district court and they do not fall within the exception to the waiver rule laid out in *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984).

AFFIRMED.